Benjamin N. Gluck - State Bar No. 203997
   bgluck@birdmarella.com
Ashley D. Bowman - State Bar No. 286099
   abowman@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile:  (310) 201-2110

Attorneys for Plaintiff John Doe

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>UNITED STATES OF AMERICA; TRACY L. WILKISON (OFFICIAL CAPACITY), KRISTI KOONS JOHNSON (OFFICIAL CAPACITY)<br><br>　　　　Defendants. | CASE NO.  2:21-cv-02803<br><br>**COMPLAINT FOR:**<br><br>**(1) RETURN OF PROPERTY (FED. R. CRIM. P. 41(g));**<br><br>**(2) UNLAWFUL SEARCH AND SEIZURE IN VIOLATION OF FOURTH AND FIFTH AMENDMENTS**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff John Doe alleges as follows:

1. Plaintiff John Doe brings this action against the United States of America, Tracy L. Wilkison, and Kristi Koons Johnson, seeking to enjoin and redress the unlawful seizure, search, inspection, and retention of Plaintiff's property in violation of applicable law, and Plaintiff's Fourth and Fifth Amendment rights.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Article III of the United States Constitution because the United States is a Party to this action, and the action involves questions of federal statutory and Constitutional law.

3. The Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Federal Rules of Civil Procedure 57 and 65 authorize declaratory and injunctive relief in this matter

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1)-(b)(3) because defendants include the United States and agencies of the United States, because on information and belief defendants sued in their official capacity reside in this district, and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

5. Plaintiff John Doe is, and at all relevant times was, an individual residing in Los Angeles County, California.[1] Plaintiff Doe had non-contraband valuable property in safe deposit boxes at US Private Vaults, which were seized by the United States Attorney's Office for the Central District of California on or around and between March 22, 2021, through March 26, 2021, and are still being

---

[1] This complaint uses male pronouns only as a grammatical convenience consistent with the reference to John Doe. Plaintiff makes no allegation as to his or her gender.

2
COMPLAINT

held by Defendants. As described more fully in paragraphs 13-14 below, Defendants are unaware of Plaintiff's identity and have stated their intent to initiate a criminal investigation of Plaintiff in the event that Plaintiff discloses his identity. Plaintiff therefore brings this claim pseudonymously to protect himself from the risk of criminal prosecution, and from injury, harassment, retaliation, and embarrassment.

6. Defendant Tracy L. Wilkison is, and at all relevant times was, the Acting United States Attorney for the Central District of California. The United States Attorney for the Central District of California has authority over all policies and practices of the United States Attorney's Office for the Central District of California, and all actions taken by Deputy United States Attorneys for the Central District of California. Defendant Wilkison is sued in her official capacity only.

7. Defendant Kristi Koons Johnson is, and at all relevant times was, the Assistant Director in Charge of the Los Angeles Field Office of the Federal Bureau of Investigation. The Assistant Director in Charge of the Los Angeles Field Office of the Federal Bureau of Investigation has authority over the policies and procedures implemented by, and the actions of, FBI agents working on behalf of the Los Angeles Field Office. Defendant Koons Johnson is sued in her official capacity only.

8. Defendant United States of America is and was, and at all relevant times, the United States of America, its departments, agencies, and entities, including those responsible for the Fourth and Fifth Amendment violations and other violations of law alleged in this action.

## FACTUAL ALLEGATIONS

**A. Plaintiff Stored Property In Safe Deposit Boxes He Rented At US Private Vaults**

9. This action relates to the search and seizure of Plaintiff's property contained in safe deposit boxes maintained by US Private Vaults.

1      10.    US Private Vaults ("USPV") is a company located at 9182 West Olympic Boulevard, Beverly Hills, CA 90212, that rents safe deposit boxes. USPV has between 600 and 1000 safe deposit boxes rented to hundreds of different customers.

11.    USPV offers safe deposit boxes akin to those available at a bank, but with several key differences that provide its customers enhanced privacy and security.

       (a)    USPV identifies its customers by encrypted biometric information in the form of an iris scan and does not use other personal identifying information related to its customers. USPV advertises this feature as an enhanced privacy and security measure that protects against the theft of personal identifying information.

       (b)    USPV does not maintain keys to its customers' safe deposit boxes. Customers maintain all keys to their boxes and access the vault containing their boxes through iris scan or biometric hand geometry scan, which reads the shape of a customer's hand (as opposed to finger or palm prints).

       (c)    USPV offers 24/7 monitoring by the ADT security company through use video at ADT's central station, as well as motion detectors, heat sensors, and other sophisticated security measures to detect the presence of intruders after regular business hours.

       (d)    USPV offers insurance for each safe deposit box up to $500,000 per box.

**B.    The United States Attorney's Office For The Central District Of California And The Los Angeles Field Office Of The FBI Searched US Private Vaults And Seized All Safe Deposit Boxes And Their Contents**

12.    On or around March 22, 2021, federal law enforcement agents,

including FBI agents from the Los Angeles Field Office, acting at the direction of the United States Attorney's Office for the Central District of California (the "USAO"), began conducting a search of USPV and seized every safe deposit box contained in the facility. Defendants' seizure of the USPV location and safe deposit boxes there and their contents, and the risk that they will continue to search of the contents of those safe deposit boxes, are ongoing as of the date of this filing.

13. On March 24, 2021, counsel for Plaintiff requested a copy of the warrant authorizing the search and seizure of property at USPV and the return of Plaintiff's property. The Assistant U.S. Attorney in charge of the investigation, acting for and on behalf of Defendant Wilkison, refused to provide counsel with a copy of the warrant unless counsel disclosed Plaintiff's name, which was not known to USPV or to the Government. As of the date of the filing of this Complaint, the Government has not provided Plaintiff's counsel with a copy of the warrant or returned Plaintiff's possessions.

14. On information and belief, based upon discussions with attorneys in Defendant Wilkison's office, the Government intends to refuse the return of property to any box holder who adheres to his or her constitutional rights and refuses to waive his or her Fifth Amendment rights. On information and belief, the Government intends to subject every box holder to criminal investigation by including at least the following steps:

(a) Each safe deposit box owner would be required to disclose their identity to the USAO, and agents for the Federal Bureau of Investigation acting at the direction of the USAO, to initiate a claim for the return of the contents of their safe deposit box.

(b) Once provided with the owner's identity, the USAO intends to open a criminal investigation into the owner based upon the USAO's belief that nobody would utilize the safe deposit boxes at USPV unless they were a "criminal."

       (c)    The Government intends to refuse to return the property in the safe deposit box to the owner unless the owner explains to the USAO how they obtained the property in their safe deposit box and convinces the USAO that it was not related to the commission of a "crime."

15.    As of March 26, 2021, the USPV location is closed and a sign is affixed to the door directing safe deposit box owners to use the web link *forms.fbi.gov/uspvclaims* to "initiate a claim for your US Private Vaults box":



16.    The form located at *forms.fbi.gov/uspvclaims* states: "To make a claim for property stored at U.S. Private Vaults in Beverly Hills, California, please provide the following information. An FBI agent will contact you for additional details." The form requires entry of first name, last name, and contact number for submission:

[U.S. Private Vaults Claim Form screenshot from FBI website]

12. The form also requires the person submitting the form to acknowledge that "it is a federal crime punishable by fine or imprisonment, or both, to knowingly make any false statements concerning the facts on this form as applicable under the provisions of Title 18, United States Code, Section 1001, et seq."

### C. Plaintiff Is Suffering Ongoing Harm

17. The safe deposit boxes containing Plaintiff's property remain in Defendants' possession, and the risk that Defendants will continue searching, inspecting, and cataloguing their contents is ongoing.

18. Plaintiff continues to be deprived of any access to or use and enjoyment of his seized property. Plaintiff has no possible method to recover the property seized by Defendants unless he subjects himself to criminal investigation by participating in the procedure prescribed by Defendants and described in paragraphs 14-16 above.

### FIRST CAUSE OF ACTION
### (Return of Property Pursuant to Fed. R. Crim. P. 41(g), Against United States of America)

19. Plaintiff re-alleges and incorporates by reference the allegations in each

of the preceding paragraphs.

20. On or around March 22, 2021, and continuing up until the time of this filing, in this District, Defendants seized the USPV safe deposit boxes containing Plaintiff's property, without any knowledge of the safe deposit boxes' contents or the identities of the owners of those contents. Defendants seized the safety deposit boxes without a valid warrant and without probable cause to believe the contents or the owners of the safe deposit boxes' contents were connected to any crime. On information and belief, Defendants did not have a warrant to search the contents of any specific safe deposit boxes identified by number.

21. Defendants have begun to search and inventory, and there is a serious risk that they will continue to search and inventory, the contents of the seized safe deposit boxes, although Defendants lack probable cause to conduct such a search. To the contrary, Defendants have stated nothing more than their assumption that any person storing property in a USPV safe deposit boxes must be a criminal as ostensible justification for the search and seizure. Plaintiff did not consent to the search of his safe deposit boxes or their contents.

22. Defendants have not initiated criminal proceedings against Plaintiff, in connection with the contents of the seized safe deposit boxes or otherwise. Nor do Defendants have probable cause to initiate such proceedings against persons storing non-contraband property in the seized safe deposit boxes or in connection with the safe deposit boxes' contents.

23. As a result of Defendants' unlawful search and seizure of the contents of the safe deposit boxes containing Plaintiff's property, Plaintiff has been unlawfully and unfairly deprived of his property.

24. Plaintiff therefore is entitled to an order directing Defendants to return his property.

# SECOND CAUSE OF ACTION

## (Unreasonable Search and Seizure of Private Property in Violation of the Fourth and Fifth Amendments – Declaratory and Injunctive Relief against All Defendants)

25. Plaintiff re-alleges and incorporates by reference the allegations in each of the preceding paragraphs.

26. Plaintiff's property is protected from unreasonable searches and seizures by the Fourth Amendment. Confiscation, inspection, and cataloguing of the contents of safe deposit boxes leased to Plaintiff and containing Plaintiffs' private property is a search and seizure for purposes of the Fourth Amendment.

27. Defendants seized and continue to maintain in their possession and control the safe deposit boxes owned by Plaintiff, in which Plaintiff stored his property, as set forth above. Defendants seized the safe deposit boxes without any probable cause to believe the contents of the safe deposit boxes belonging to Plaintiff were connected to any crime and, on information and belief, without a valid warrant authorizing Defendants to search Plaintiff's boxes.

28. Defendants, without obtaining Plaintiff's consent, searched and inventoried, the contents of the seized safe deposit boxes, and, as the boxes remain under their control, there is a significant risk that they will continue to search and inventory their contents.

29. Defendants have refused to return the contents of the safe deposit boxes to Plaintiff unless and until Plaintiff forfeits the confidentiality associated with his safe deposit boxes by identifying himself to Defendants, and submits to a criminal investigation that will be initiated upon disclosure of his identity.

30. Defendants also have refused to provide Plaintiff with a copy of the warrant purportedly authorizing their search and seizure of the safe deposit boxes containing Plaintiff's property unless and until Plaintiff identifies himself to Defendants.

31. Defendants' search and seizure of safe deposit boxes containing Plaintiff's property, under the conditions described above, was unreasonable. Defendants' refusal to provide Plaintiffs with the warrant that purportedly authorizes their ongoing seizure and search of Plaintiff's property – unless Plaintiff subjects himself to criminal investigation – is further unreasonable.

32. Defendants effected a search and seizure of safe deposit boxes possessed by Plaintiff containing Plaintiff's personal property without probable cause, and provided that Plaintiff could only seek to recover his property by subjecting himself to criminal investigation by Defendants.

33. Plaintiff, through counsel, has attempted to exercise his Fourth Amendment rights by requesting that Defendants suspend their unreasonable search and inspection of Plaintiff's property, and return the contents of the safe deposit boxes seized from USPV to Plaintiff.

34. By requiring that Plaintiff identify and subject himself to criminal investigation in order to recover the property that Defendants unlawfully seized, Defendants, by their own admission, have conditioned Plaintiff's lawful exercise of his Fourth Amendment rights on Plaintiff's forfeiture of his Fifth Amendment rights.

35. Plaintiff contends that Defendants' conduct has violated and continues to violate Plaintiff's Fifth Amendment rights against self-incrimination, and that Plaintiff is entitled to relief.

36. The Due Process Clause of the Fifth Amendment to the U.S. Constitution provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V.

37. Plaintiff contends that Defendants' conduct has violated and continues to violate Plaintiff's Fifth Amendment rights, and that Plaintiff is entitled to relief.

38. Plaintiff has suffered and continues to suffer irreparable injury as a result of Defendants' conduct in violation of the Fourth and Fifth Amendments.

That irreparable injury includes the continuing deprivation of Plaintiff's possessory rights in his personal property, the continuing violation of his Fourth and Fifth Amendment rights resulting from the threat of Defendants' ongoing search, inventorying, and seizure of his property, and Defendants' insistence that Plaintiff must waive his Fifth Amendment rights by foregoing the confidentiality associated with his safe deposit boxes and submitting to a criminal investigation in order to obtain his property.

39. On information and belief, Defendants contend that their seizure, search, and conditioned refusal to return Plaintiff's property is reasonable and lawful, and deny that Plaintiff is entitled to any relief.

40. Plaintiff therefore requires a judicial determination of the parties' respective rights and liabilities, and a declaration that Defendants' conduct constitutes an unreasonable search and seizure conducted in a manner that has violated, and continues to violate, Plaintiff's Fourth and Fifth Amendment rights.

41. A judicial declaration is necessary and appropriate at this time under the circumstances so that Plaintiff may ascertain his rights to retrieve his personal property seized by Defendants, and the rights (or lack thereof) of Defendants to use any information obtained from the search and seizure of Plaintiff's property.

42. Defendants have stated their intent to continue searching, inspecting, and retaining the property they unreasonably and unlawfully seized from Plaintiff. Therefore, Plaintiff has suffered and will continue to suffer irreparable injury absent an injunction restraining Defendants from (1) continuing to search and inspect Plaintiff's property, (2) conditioning the release of Plaintiff's property on Plaintiff's disclosure of his identity and consent to being subjected to a criminal investigation, and (3) continuing to hold Plaintiff's property.

## PRAYER FOR RELIEF

Plaintiff prays for judgment against Defendants as follows:

A. For a declaration that Defendants' conduct, as described herein, has

violated Plaintiff's rights under the Fourth and Fifth Amendments to the United States Constitution as set forth above;

      B.    For a preliminary and permanent injunction ordering Defendants to immediately cease all seizures, searches, and inspection of Plaintiff's property, and violations of Plaintiff's Fourth and Fifth Amendment rights as described herein;

      C.    For a preliminary and permanent injunction enjoining Defendants from accessing, reviewing, using or retaining Plaintiffs' property and the immediate return of all property belonging Plaintiff seized by Defendants; and

      D.    For such other and further relief as the Court deems just and proper.

Dated: March 31, 2021

Benjamin N. Gluck
Ashley D. Bowman
Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C.

By: _____
        Benjamin N. Gluck
        Attorneys for Plaintiff John Doe

## **DEMAND FOR JURY TRIAL**

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Plaintiff John Doe respectfully demands a jury trial of all issues triable to a jury in this action.

Dated: March 31, 2021

Benjamin N. Gluck
Ashley D. Bowman
Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C.

By: _____
Benjamin N. Gluck
Attorneys for Plaintiff John Doe