UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-02803-RGK-MAR | Date | April 6, 2021 |
|---|---|---|---|
| Title | *John Doe v. United States of America, et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

| Proceedings: | (IN CHAMBERS) Order Re: Plaintiff's *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause RE: Preliminary Injunction [DE 7] |
|---|---|

## I.   INTRODUCTION

On March 31, 2021, an individual proceeding under the fictitious name John Doe ("Plaintiff")[1] filed a complaint against (1) the United States of America, (2) Tracy L. Wilkinson in her official capacity as Acting United States Attorney for the Central District of California, and (3) Kristi Koons Johnson in her official capacity as the Assistant Director in Charge of the Los Angeles Field Office of the FBI (collectively, "the Government"). Plaintiff asserts claims for Return of Property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, and for violation of Plaintiff's rights under the Fourth and Fifth Amendments of the Constitution.

Plaintiff's claims arise from the Government's allegedly unlawful seizure and search of Plaintiff's personal property which was located in three safety deposit boxes on the premises of non-party US Private Vaults.

Presently before the Court is Plaintiff's *Ex Parte* Application for Temporary Restraining Order, ("TRO Application") (ECF No. 7), whereby Plaintiff requests a court order enjoining the Government from taking various actions with respect to property seized from US Private Vaults, among other relief. For the reasons that follow, the Court **DENIES** Plaintiff's TRO Application.

---

[1] Plaintiff filed this lawsuit under a fictious name, and makes no representations about Plaintiff's gender, to protect herself or himself from the risk of criminal prosecution, harassment, retaliation, and embarrassment. (Complaint ¶ 5, ECF No. 1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-02803-RGK-MAR | Date | April 6, 2021 |
|---|---|---|---|
| Title | *John Doe v. United States of America, et al* | | |

## II. FACTUAL BACKGROUND

Unless otherwise noted, the following factual background is drawn from Plaintiff's complaint:

Non-party US Private Vaults ("USPV") offers its customers a unique service. The company, located at a strip mall in Beverly Hills, California,[2] rents safe deposit boxes. But USPV's offerings, designed to provide customers with increased privacy and security, differ from those available at a typical bank in several material ways. First, USPV identifies its customers through encrypted biometric information—an iris scan—and does not use other personal identifying information related to its customers. Second, USPV does not maintain keys to its customers' boxes. Customers maintain all keys to their boxes, and can access the vault containing their boxes only through an iris scan or biometric hand geometry scan. Third, USPV offers 24/7 monitoring by the ADT security company as well as onsite motion detectors, heat sensors, and other sophisticated security measures to detect the presence of intruders after regular business hours. Finally, USPV offers insurance for each safe deposit box up to $500,000 per box.

USPV has between 600 and 1000 safe deposit boxes which it rents to hundreds of different customers. Plaintiff rents three of those boxes, where Plaintiff keeps certain valuable items including jewelry, currency, and bullion. (Decl. of Benjamin N. Gluck ("Gluck Decl.") ¶ 2, ECF No. 7-1).

USPV's business model attracted the Government's attention. A grand jury indicted USPV for conspiring with its customers to launder money, distribute drugs, and structure financial transactions to avoid currency reporting requirements. (Government's Opp. to Pl.'s TRO Application at 2, ECF No. 15). From March 22, 2021 through March 26, 2021, federal law enforcement agents acting at the direction of the United States Attorney's Office for the Central District of California (the "USAO") conducted a search of USPV and seized every safe deposit box contained in the facility. The Government maintains that it seized all the boxes at USPV and conducted an inventory search of the contents of each box pursuant to a sealed criminal seizure warrant ("the warrant"). (*Id.* at 6).

On March 24, 2021, counsel for Plaintiff requested a copy of the warrant and the return of Plaintiff's property. But the Assistant U.S. Attorney in charge of the investigation refused to provide a copy of the warrant unless counsel disclosed Plaintiff's name, which was unknown to USPV and the Government.

---

[2] (TRO Application at 4, n.5).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-02803-RGK-MAR | Date | April 6, 2021 |
|---|---|---|---|
| Title | *John Doe v. United States of America, et al* | | |

Plaintiff alleges on information and belief that the Government intends to refuse the return of property to any USPV box holder who refuses to waive his or her Fifth Amendment right against self-incrimination. Specifically, Plaintiff alleges that the Government intends to subject every box holder that comes forward to claim his or her property to a criminal investigation. Only if Plaintiff (and other box owners) can convince the USAO that they legally obtained their property will the Government return it to them. Thus, for Plaintiff to vindicate his or her Fourth Amendment right to be free from unreasonable searches and seizures, Plaintiff must forego his or her Fifth Amendment right against self-incrimination.

Since March 26, 2021, USPV's Beverly Hills storefront has been closed. Affixed to the door is a sign that bears the seal of the FBI and states: "Please go to the following link to initiate a claim for your US Private Vaults box: **forms.fbi.gov/uspvclaims**[.]" (Compl. ¶ 15). The website, in turn, states: "To make a claim for property stored at U.S. Private Vaults in Beverly Hills, California, please provide the following information. An FBI agent will contact you for additional details." Below this statement is a form that requires a claimant to provide his or her first name, middle name, last name, and "best contact number." (*Id.* ¶ 16).

To date, Plaintiff's property remains in the Government's possession. Though Plaintiff's property is not contraband, Plaintiff has no possible method to recover the property seized by the Government unless Plaintiff subjects herself or himself to criminal investigation by participating in the claims procedure prescribed at forms.fbi.gov/uspvclaims.

### III. JUDICIAL STANDARD

While a preliminary injunction is intended to preserve the status quo pending a judgment on the merits, a TRO is intended to preserve the status quo only until a preliminary injunction hearing can be held. *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974). "Consequently, [TROs] are of limited duration, not—like preliminary injunctions—of indefinite duration." *Id.* Also, where a TRO may be granted without notice to the adverse party under limited circumstances, a preliminary injunction cannot be granted without notice. Fed. R. Civ. P. 65(a)–(b).

Despite these differences in purpose and procedure, the standard for a TRO is "substantially identical" as the standard for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain a TRO or a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council,*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-02803-RGK-MAR | Date | April 6, 2021 |
|---|---|---|---|
| Title | *John Doe v. United States of America, et al* | | |

*Inc.*, 555 U.S. 7, 20 (2008). The court may also apply a sliding scale test, whereby the elements of the *Winter* test are balanced "so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The moving party has the burden of persuasion. *Hill v. McDonough*, 547 U.S. 573, 584 (2006).

**IV.   DISCUSSION**

Plaintiff requests that the Court enter a TRO to the following effect:

- The Government should make reasonably available at the search location copies of the search warrant and do so in a manner that allows box-holders or their counsel to obtain a copy without requiring them to disclose the box-holder's identity.
- The Government should cease the inspection of the contents of any box over which it does not have individualized probable cause specific to that box and a search warrant specific to that box.
- The Government should be enjoined from instigating investigations or using in any investigation any information it gained from inspecting the contents of boxes over which it did not have individualized probable cause and a warrant specifically identifying that box.
- The Government should be enjoined from advising individuals that they must provide information to the Government as a condition to gaining return of their property.

(TRO Application at 23). For the reasons that follow, the Court denies Plaintiff's TRO Application.

The scope of an injunctive "remedy must be no broader and no narrower than necessary to redress the injury shown by the [moving party]." *California v. Azar*, 911 F.3d 558, 584 (9th Cir. 2018). Here, Plaintiff's alleged injury is that Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures was violated when the Government seized and searched three USPV boxes in which Plaintiff had property and privacy interests. Plaintiff also alleges that the Government seized and searched not only Plaintiff's three boxes, but every other box at USPV as well. It is possible that the Government's seizure and search of those other boxes violated the Fourth Amendment rights of their respective owners. But Plaintiff's requested TRO, which seeks to protect not only Plaintiff's rights but also those of the anonymous owners of all 600 to 1,000 USPV boxes, is far broader than necessary to provide Plaintiff with complete preliminary relief for the Government's alleged violation of *Plaintiff's* Fourth Amendment rights.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-02803-RGK-MAR | Date | April 6, 2021 |
| Title | *John Doe v. United States of America, et al* | | |

The Court notes that it has the equitable power to "tailor the scope" of preliminary injunctive relief "to meet the exigencies of [a] particular case." *Azar*, 911 F.3d at 584 (quoting *Trump v. Int'l Refugee Assistance Project*, 137 S. Ct. 2080, 2087 (2017)). Here, assuming without deciding that Plaintiff is otherwise entitled to interlocutory injunctive relief based on Plaintiff's interest in the three USPV boxes he or she alleges to own, the Court declines to grant such relief because Plaintiff has failed to establish, let alone allege, what specific property and which boxes belong to Plaintiff.[3]

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's TRO Application.

**IT IS SO ORDERED.**

|   |   : |
|---|---|
| Initials of Preparer | |

---

[3] The Government does not challenge Plaintiff's use of a fictitious name in its Opposition, so the Court declines to address the propriety of Plaintiff's pseudonymous prosecution of this case at this juncture. But to continue prosecuting this case anonymously, Plaintiff will have to demonstrate that the "need for anonymity" outweighs "the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000); *see also id.* at 1069 ("We recognize that the balance between a party's need for anonymity and the interests weighing in favor of open judicial proceedings may change as the litigation progresses.").