1   Benjamin N. Gluck - State Bar No. 203997
        bgluck@birdmarella.com
2   Nicole R. Van Dyk - State Bar No. 261646
        nvandyk@birdmarella.com
3   Ashley D. Bowman - State Bar No. 286099
        abowman@birdmarella.com
4   Naomi S. Solomon - State Bar No. 321357
        nsolomon@birdmarella.com
5   BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
    DROOKS, LINCENBERG & RHOW, P.C.
6   1875 Century Park East, 23rd Floor
    Los Angeles, California 90067-2561
7   Telephone: (310) 201-2100
    Facsimile:  (310) 201-2110
8
    Attorneys for Plaintiff John Doe
9

10              **UNITED STATES DISTRICT COURT**

11      **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

12

13   JOHN DOE,                          CASE NO. 2:21-cv-02803 RGK (MAR)

14              Plaintiff,              **DECLARATION OF BENJAMIN N.
                                        GLUCK IN SUPPORT OF**
15       vs.                            **PLAINTIFF'S OPPOSITION TO
                                        DEFENDANTS' MOTION TO**
16   UNITED STATES OF AMERICA;          **DISMISS COMPLAINT FOR LACK
    TRACY L. WILKISON (OFFICIAL         OF SUBJECT MATTER**
17   CAPACITY), KRISTI KOONS            **JURISDICTION AND FAILURE TO
    JOHNSON (OFFICIAL CAPACITY),        STATE A CLAIM UPON WHICH**
18                                      **RELIEF CAN BE GRANTED
              Defendants.               PURSUANT TO F.R.C.P. 12(b)(1)**
19                                      **AND 12(b)(6)**

20                                      Date:    July 6, 2021
                                        Time:    9:00 a.m.
21                                      Crtrm.:  850

22                                      Assigned to Hon. R. Gary Klausner

23
                                        Complaint Filed: March 31, 2021
24

25

26

27

28

## DECLARATION OF BENJAMIN N. GLUCK

I, Benjamin N. Gluck, declare as follows:

1.     I am an active member of the Bar of the State of California and a Principal with Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, A Professional Corporation, attorneys of record for Plaintiff John Doe in this action. I make this declaration in support of Plaintiff John Doe's Opposition to Defendants' Motion to Dismiss Complaint.  Except for those matters stated on information and belief, I make this declaration based upon personal knowledge and, if called upon to do so, I could and would so testify.

2.     On May 20, 2021, counsel for the Government contacted me requesting a meet-and-confer phone call as soon as possible to discuss the Government's intent to file a Motion to Dismiss Plaintiffs Doe, Roe, Coe, and Moe's (collectively, "Plaintiffs'") complaints.

3.     We conducted a telephonic meet and confer call on May 20, during which Government counsel informed me that the Government would move to dismiss each of Plaintiffs' complaints on the sole grounds that Plaintiffs could not proceed anonymously.  The Government's counsel stated that anonymity was not permitted because there was (in general, and in particular in this case) public interest in Plaintiffs' identities, and the Government was prejudiced by being unable to determine whether the property sought was criminal proceeds, or whether the person claiming it was the true box holder.  Counsel also informed me that, once Plaintiffs and other box holders identified themselves, whether the Government would return the property depended on what the items were, whether it could find anything "derogatory about the box holder," such as whether the box holder had any criminal history, whether banks had filed suspicious activity reports about the box holder, and whether their reported income justified their possession of the valuables in their box.

3724546.2

2

4.     The Government's counsel also informed me previously and during the May 20 call that the FBI had disassembled the safe deposit boxes and removed the biometric scanning system that U.S. Private Vaults ("USPV") customers used to access their boxes.  I also observed the disassembled safe deposit boxes in videos provided by the Government which purport to show the FBI inventorying the contents of certain boxes.

5.     During the May 20 call and in related emails, in an attempt to resolve the anonymity issue, I asked the Government's counsel whether it would change the Government's position if Plaintiffs disclosed their box numbers, disclosed their names *in camera*, disclosed their names to a Government "filter team," or disclosed their names to the Government but continued to use pseudonyms publicly.  The Government's counsel told me that none of these measures would change its position regarding Plaintiffs' anonymity.  The parties did not reach a resolution on the anonymity issue during the call.

6.     On May 21, 2021, counsel for the Government requested another meet-and-confer call, this time to discuss another basis for its forthcoming motions to dismiss.  Counsel said that the Government "has or shortly will" file administrative forfeitures in connection with "many" of the boxes seized from USPV.  When I asked how counsel knew that Plaintiffs' possessions were among those that it was forfeiting, he replied: "if it's the type of person who would hire you, it's the type of person we would forfeit."

7.     On information and belief, the following week of May 24, 2021, certain USPV box holders or their designated beneficiaries, as well as USPV, began to receive letters notifying them that their property was being administratively forfeited, and notifying them of the steps they must take to contest the forfeiture.

8.     On May 20, 2021, one day before the deadline to forfeit the property it seized from USPV boxes, the Government initiated an administrative forfeiture of certain identified property from a minority of the boxes.  A true and correct copy of

3

1    the Government's Notice of Administrative Forfeiture listing all of the property

2    seized from USPV to be forfeited, dated May 20, 2021 and addressed to U.S. Private

3    Vaults, is attached as **Exhibit A**.  I downloaded this Notice from the U.S. Private Vaults

4    website, https://usprivatevaults.com.

5        9.      While Government counsel previously told me that the Government

6    took the contents of approximately 800 boxes from USPV, only 370 are listed on the

7    May 20 forfeiture notice.  Several of the items on this notice are facially ineligible

8    for administrative forfeiture because they are items other than currency worth more

9    than $500,000—for example, $1,320,000 worth of poker chips in Box 505, or other

10   boxes containing hundreds of ounces of gold.  The Government also has already

11   contacted at least two of the box holders whose property is listed on its May 20

12   forfeiture notice, whom I represent in connection with these proceedings, to inform

13   them that it intends to return their property.

14       10.     Each of the Plaintiffs seeks return of property that is not listed on the

15   May 20 forfeiture notice, either because one or more of the Plaintiff's boxes is not

16   listed on the notice, or because the asset description pertaining to the Plaintiff's

17   box(es) does not include all of the contents of the box in question.  For example,

18   Plaintiff Coe does not agree that his Box, No. 904, contained only the $914,700

19   listed on the Government's forfeiture notice.  In fact, he asserts that it contained

20   more.  These shortfalls are not unique to Plaintiffs.  Rather, many other box holders

21   whom I represent in this matter, also have reported that the amounts of forfeited

22   property listed on the Notice are less than the amounts that were actually stored

23   within the boxes.  The shortfalls range from several thousand to several hundred

24   thousand dollars.

25       11.     Each Plaintiff has filed a pseudonymous claim contesting the forfeiture

26   of his items that were listed on the May 20 forfeiture notice.  On June 11, 2021,

27   USPV also filed a claim in its capacity as bailee contesting the forfeiture of all

28   property seized from its premises listed on the forfeiture notice, including the

3724546.2

DECLARATION OF BENJAMIN N. GLUCK IN SUPPORT OF PLAINTIFF DOE'S OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

property belonging to Plaintiffs.  A true and correct copy of the claim filed by USPV is attached as **Exhibit B**.  I downloaded this claim from the U.S. Private Vaults website, https://usprivatevaults.com.

12.     During a prior meet and confer call, counsel for the Government informed me that the FBI was acting pursuant to two separate warrants issued by Magistrate Judge Kim, one permitting search and seizure of USPV property for evidentiary purposes and one permitting seizure of USPV property for forfeiture purposes.  Although I asked the Government's counsel to provide copies of both warrants, he refused.  To date, the Government only has unsealed and produced part of the seizure warrant in this action; it has not unsealed, produced, or agreed to produce any part of the search warrant.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I executed this declaration on June 15, 2021, at Los Angeles, California.


                                        /s/ Benjamin N. Gluck
                                          Benjamin N. Gluck