**DECLARATION OF STEPHEN J. JOBE**

I, Stephen J. Jobe, Unit Chief, Legal Forfeiture Unit (LFU), Office of the General Counsel, Federal Bureau of Investigation (FBI) in Washington, D.C., state as follows:

1. I am currently employed as Unit Chief of the Legal Forfeiture Unit, Office of the General Counsel, at FBI Headquarters in Washington, D.C., and in that capacity am familiar with the administrative forfeiture proceedings relating to property seized by the FBI.

2. In my capacity as Unit Chief, I am responsible for providing legal oversight of the FBI's forfeiture program, reviewing non-judicial administrative forfeiture actions for legal sufficiency, executing declarations of forfeiture in administrative forfeiture actions determined to be legally sufficient, and ensuring that the FBI's forfeiture program complies with all pertinent statutes and federal regulations.

3. Pursuant to Title 18, United States Code (U.S.C.), Section 983, in all non-judicial forfeiture proceedings, the Government is required to send written notice of the seizure and intent to forfeit the property to interested parties no more than sixty days after the date of seizure of the property subject to forfeiture. If the identity or interest of a party is not determined until after the seizure but is determined before a declaration of forfeiture is entered, the Government must send notice of the forfeiture action to the interested party not later than sixty days after the determination by the Government of the identity of the party or the party's interest. 18 U.S.C. Section 983(a)(1)(A)(v). The forfeiture notice advises that to contest the forfeiture of the property in

United States District Court, a party must file a valid and timely claim.

4. Title 18 U.S.C. Section 983(a)(2) requires that a claim to contest a forfeiture in non-judicial forfeiture proceedings must identify the specific property being claimed; state the claimant's interest in such property; and be made under oath subject to penalty of perjury. Title 28, Code of Federal Regulations (C.F.R.), Section 8.10(b) requires that a claim must identify the specific property being claimed; identify the claimant and state the claimant's interest in the property; and be made under oath by the claimant, not counsel for the claimant, and recite that it is made subject to penalty of perjury, consistent with the requirements of 28 U.S.C. Section 1746.

5. Consistent with 28 C.F.R. Section 8.10(g), if the FBI determines that a timely claim does not meet the requirements of 28 C.F.R. Section 8.10(b), the FBI will notify the claimant of the determination and will allow the claimant a reasonable time to cure the defect(s) in the intended claim. If the claimant timely cures the deficiency, the FBI will refer the claim to the United States Attorney's Office for judicial forfeiture proceedings, and the administrative forfeiture proceeding ceases. If the requirements of 28 C.F.R. Section 8.10(b) are not met within the allowed time, the claim is void and the FBI will continue administrative forfeiture proceedings as if no claim was filed.

6. The claim deadline has not yet expired. The claim deadline for parties to whom personal notice was mailed is the date stated in the notice letters. The earliest claim deadline set forth in personal notice is June 24, 2021. The claim deadlines for other unidentified

1 | parties who have not received written notice by personal letter are
2 | the deadlines set forth in the internet publications at
3 | www.forfeiture.gov. The earliest deadline set forth by the internet
4 | publication is August 3, 2021.
5 |     Pursuant to Title 28, United States Code, Section 1746, I
6 | declare under penalty of perjury that the foregoing is true and
7 | correct and that this declaration is executed on June 21 2021 in
8 | Washington, D.C.

                                                      Stephen J. Jobe