TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ANDREW BROWN (Cal. Bar No. 172009)
VICTOR A. RODGERS (Cal. Bar No. 101281)
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorneys
Major Frauds/Asset Forfeiture/
General Crimes Sections
    1100/1400/1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0102/2569/1785
    Facsimile: (213) 894-6269/0142/0141
    E-mail: Andrew.Brown@usdoj.gov
            Victor.Rodgers@usdoj.gov
            Maxwell.Coll@usdoj.gov

Attorneys for Defendants
UNITED STATES OF AMERICA, et al.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>      Plaintiff,<br><br>      v.<br><br>UNITED STATES OF AMERICA, TRACY L. WILKISON (OFFICIAL CAPACITY), KRISTI KOONS JOHNSON (OFFICIAL CAPACITY),<br><br>      Defendants. | Case No. 2:21-cv-02803-RGK-MAR<br><br>**DEFENDANTS UNITED STATES OF AMERICA, TRACY L. WILKISON (OFFICIAL CAPACITY) AND KRISTI KOONS JOHNSON (OFFICIAL CAPACITY)'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO FILE SURREPLY**<br><br>Date:      July 6, 2021<br>Time:      9:00 a.m.<br>Courtroom: 850, the Honorable<br>              R. Gary Klausner |

The government hereby opposes the ex parte application for leave to file a surreply filed by plaintiff John Doe.

Dated: June 29, 2021                    Respectfully submitted,

                                        TRACY L. WILKISON
                                        Acting United States Attorney

                                        SCOTT M. GARRINGER
                                        Assistant United States Attorney
                                        Chief, Criminal Division

                                                  /s/
                                        ANDREW BROWN/VICTOR RODGERS/MAXWELL COLL
                                        Assistant United States Attorneys

                                        Attorneys for Defendants
                                        UNITED STATES OF AMERICA

     Defendants United States of America, Tracy L. Wilkison and Kristi Koons Johnson (collectively, "the government") respectfully submit this opposition to Plaintiff's ex parte application for leave to file a surreply ("Application") (Dkt. 30).

     ***First***, Plaintiff's application for ex parte relief does not even cite the Central District's standard and should be dismissed on that basis alone. "An ex parte application is a means of obtaining extraordinary relief and is appropriate in only rare circumstances." MAG Aerospace Indus., LLC v. Precise Aerospace Mfg., Inc., 5:18-CV-01096-RGK-JC, 2019 WL 1427272, at *1 (C.D. Cal. Jan. 25, 2019) (Klausner, J.) (citing Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995)). "Such applications are 'inherently unfair, and they pose a threat to the administration of justice. They debilitate the adversary system.'" George v. Kasaine, 17-cv-02863-AN (MRWx), 2015 WL 12850543 at *2 (C.D. Cal. May 5, 2015) (quoting Mission Power, 883 F. Supp. at 490). Accordingly, courts in this District only grant ex parte relief where a movant shows two things: first, that his cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures; and second, that he is without fault in creating the crisis that requires ex parte relief (or that the crisis occurred as excusable neglect). Plaintiff entirely ignores this law in its ex parte application, and the Court should deny the request on this basis.

     ***Second***, Plaintiff cannot demonstrate irreparable prejudice because the "new arguments" to which Plaintiff claims he must be afforded a new opportunity to respond are (1) simple principles of asset forfeiture law that resemble the arguments previously made by

the government; and (2) are in direct response to Plaintiff's opposition. See Edwards v. Toys 'R' US, 527 F. Supp. 2d 1197, 1205 n.31 (C.D. Cal. 2007). In his opposition, Plaintiff asks, "Must one believe, for example, that the 370 boxes the Government seeks to forfeit did not contain a single document? (They obviously did contain many, many documents—otherwise, how did the Government identify any names associated with the boxes?)." In direct response to this argument, the government correctly noted in reply that if there are documents in Plaintiff's box, he still has an adequate remedy at law because he can serve a document request in a judicial forfeiture action to obtain them, "and the government has the right to retain documents or any other items situated therein as evidence." Plaintiff again ignores the law by arguing that this direct response to Plaintiff's own argument triggers a right to a surreply. Not so. See Edwards, 527 F. Supp. 2d at 1205 n.31. Plaintiff's position that it is entitled to a surreply on this basis would lead to an endless volley of briefs and is exactly what Mission Power seeks to prevent.

 Moreover, the crux of the government's argument is the same on reply -- ***the initiation of forfeiture proceedings provides an adequate remedy at law and divests courts from hearing Fed. R. Crim. P. 41(g) motions or complaints for the return of property***. Plaintiff seeks to muddle issues that are already crystalized for the Court. Because Plaintiff's proposed surreply does not alter the Court's analysis of whether the initiation of forfeiture proceedings provides an adequate remedy at law and divests courts from hearing Fed. R. Crim. P. 41(g) motions or complaints for the return of property, there is no risk of "irreparable prejudice" and no good cause for granting the ex parte application. See Urena v. Earthgrains

1   Distrib., LLC, 16-cv-000634- CJC(DFMx), 2017 WL 4786106, at *11 n.4
2   (C.D. Cal. July 19, 2017) (denying ex parte application to file
3   surreply where party did not make a showing of good cause).
4       ***Third***, the Court's order in the Snitko case does not materially
5   affect the pending motion to dismiss, as the government has explained
6   in the Memorandum Of Points And Authorities Regarding The Order To
7   Show Cause Re Preliminary Injunction, which will be filed today.
8   Plaintiff again attempts to steer the court from the crux of the
9   government's motion to dismiss.  The Court is aware of its own order
10  issued in the Snitko case, and the Mission Power standard is not met
11  simply because the Court granted a TRO in a separate proceeding.
12  This would allow plaintiffs to file surreplies whenever a court
13  grants an order in a related case.  That is not the law.
14      ***Fourth***, Plaintiff is wrong again in arguing that ex parte relief
15  should be granted because he disagrees with the government's position
16  on the USPV claim.  Plaintiff complains that the government "falsely
17  asserts" that USPV's claim contesting forfeiture is invalid because
18  it is signed for counsel for USPV.  First, there is no risk of
19  "irreparable prejudice" and no good cause for granting the ex parte
20  application on this basis.  Second, an attorney is always an
21  authorized representative—but an attorney cannot sign a claim on
22  behalf of a corporation in submitting a claim.  Indeed, the only case
23  Plaintiff cites for his erroneous position (United States v. Funds
24  From Fifth Third Bank, 2013 WL 5914101 (E.D. Mich., Nov. 4, 2013)) is
25  inapposite.  There, the attorney signed a claim, it was rejected by
26  the IRS, and the attorney submitted another claim "this time using
27  the form provided . . . and having [the company's president] sign the
28  claim under oath."  Id.  The claim must be signed by corporate

5

officer, not by the corporation's counsel.  See, e.g., United States v. One Boeing 747-200 Flight Simulator, No. 10-CV-1022-WMN, 2010 WL 4826300, at *1 (D. Md. Nov. 23, 2010) (granting motion to strike claim signed by foreign corporation's U.S. counsel because it was not signed by "the claimant" or "its corporate officer").

For these reasons, the Court should deny Plaintiff's ex parte application for leave to file a surreply.