Name __Benjamin N. Gluck, Esq. State Bar No. 203997__

Address __1875 Century Park East, 23rd Floor__

City, State, Zip __Los Angeles, California 90067-2561__

Phone __(310) 201-2100__

Fax __(310) 201-2110__

E-Mail __bgluck@birdmarella.com__

☐ FPD  ☐ Appointed  ☐ CJA  ☐ Pro Per  ☒ Retained

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JOHN DOE

PLAINTIFF(S),

v.

UNITED STATES OF AMERICA, et al.,

DEFENDANT(S).

CASE NUMBER:

2:21-cv-02803-RGK (MAR)

## NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN that _____ John Doe _____ hereby appeals to

*Name of Appellant*

the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☒ Order (specify):
   Re: Fed. R. Civ. P. 12(b)(1) and 12(b)(6)

☐ Judgment (specify):

☐ Other (specify):

Imposed or Filed on __July 23, 2021__. Entered on the docket in this action on __July 23, 2021__.

A copy of said judgment or order is attached hereto.

__September 17, 2021__                    /s/ Benjamin N. Gluck

Date                                       Signature

☐ Appellant/ProSe   ☒ Counsel for Appellant   ☐ Deputy Clerk

**Note:** The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

UNITED STATES DISTRICT COURT    J S - 6
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-02803-RGK-MAR | Date | July 23, 2021 |
|---|---|---|---|
| Title | *John Doe v. United States of America, et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**  **(IN CHAMBERS) Order Re: Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim Upon Which Relief Can Be Granted Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [DE 25]**

## I.    INTRODUCTION

On March 31, 2021, an individual proceeding under the fictitious name John Doe ("Plaintiff")[1] filed a complaint against (1) the United States of America, (2) Tracy L. Wilkinson in her official capacity as Acting United States Attorney for the Central District of California, and (3) Kristi Koons Johnson in her official capacity as the Assistant Director in Charge of the Los Angeles Field Office of the FBI (collectively, "Defendants," "the Government"). Plaintiff asserts claims for Return of Property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure ("Rule 41(g)"), and for violation of Plaintiff's rights under the Fourth and Fifth Amendments of the Constitution.

Plaintiff's claims arise from the Government's allegedly unlawful seizure and search of Plaintiff's personal property which was located in three safe deposit boxes on the premises of non-party United States Private Vaults.

Presently before the Court is Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim Upon Which Relief Can Be Granted Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). ("Motion") (ECF No. 25). For the reasons that follow, the Court **GRANTS** Defendants' Motion.

---

[1]    Plaintiff filed this lawsuit under a fictious name, and makes no representations about Plaintiff's gender, to protect herself or himself from the risk of criminal prosecution, harassment, retaliation, and embarrassment. (Complaint ¶ 5, ECF No. 1).

UNITED STATES DISTRICT COURT    **J S - 6**
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-02803-RGK-MAR | | Date | July 23, 2021 |
|----------|------------------------|---|------|----------------|
| Title | *John Doe v. United States of America, et al* | | | |

## II.    FACTUAL BACKGROUND

A full recitation of the facts alleged in the Complaint is set forth in the Court's Order of April 6, 2021. (ECF No. 17). Here, the Court recounts only those facts that are necessary to the resolution of this Motion. Unless otherwise noted, the following facts are drawn from Plaintiff's complaint:

Non-party United States Private Vaults ("USPV") is a California corporation that operates a safe-deposit-box facility in Beverly Hills. USPV's facility houses between 600 and 1,000 safe deposit boxes. Plaintiff rents three of those boxes, where Plaintiff keeps certain valuable items including jewelry, currency, coins, and bullion. (Decl. of Benjamin N. Gluck ("Gluck Decl.") ¶ 2, ECF No. 7-1).

From March 22, 2021 through March 26, 2021, federal law enforcement agents acting at the direction of the United States Attorney's Office for the Central District of California conducted a search of USPV and seized every safe deposit box contained in the facility, including Plaintiff's'. To date, Plaintiff's property remains in the Government's possession.

## III.    JUDICIAL STANDARD

### A.    12(b)(1): Dismissal for Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Reservation,* 873 F.2d 1221, 1225 (9th Cir. 1989). A party may move to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of establishing jurisdiction. *Kingman Reef Atoll Investments, L.L.C. v. United States,* 541 F.3d 1189, 1197 (9th Cir. 2008).

### B.    Dismissal for Failure to State a Claim Upon Which Relief Can be Granted

Under Rule 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the plaintiff alleges enough facts to draw a reasonable inference that the defendant is liable. *Iqbal*, 556 U.S. at 678. A plaintiff need not provide detailed factual allegations, but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

UNITED STATES DISTRICT COURT    **J S - 6**

CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-02803-RGK-MAR | Date | July 23, 2021 |
|----------|----------------------|------|---------------|
| Title | *John Doe v. United States of America, et al* | | |

 

When ruling on a Rule 12(b)(6) motion, the Court must accept well-pled factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *See Autotel v. Nev. Bell. Tel. Co.*, 697 F.3d 846, 850 (9th Cir. 2012). Dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

### IV. DISCUSSION

The Government moves to dismiss Plaintiff's Complaint on two grounds. First, the Government argues that the Court lacks subject matter jurisdiction. Second, the Government argues that Plaintiff fails to state a claim upon which relief can be granted. For the reasons that follow, the Court agrees with the Government's second argument and therefore dismisses Plaintiff's two claims for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[2]

The Federal Rules of Civil Procedure establish a system of notice pleading. To advance past the pleading stage, notice pleading requires a complaint to put the defendant on notice of the plaintiff's claims. To that end, "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Twombly*, 550 U.S. at 555 (quoting *Conley*

---

[2]    Though the Government argues that the Court must dismiss this action for lack of subject matter jurisdiction, this argument is doubly deficient. First, the Government's jurisdictional argument is based solely on Plaintiff's claim for return of property under Rule 41(g). The Government argues that the Court lacks jurisdiction over that claim and must therefore dismiss the entire action. This argument ignores the fact that Plaintiff also alleges a claim under the Fourth and Fifth Amendments, over which it appears the Court has federal question jurisdiction. Second, the Government cites Ninth Circuit law for the proposition that courts should deny Rule 41(g) motions, which are equitable in nature, when an adequate remedy at law exists. *See United States v. Elias*, 921 F.2d 870, 871, 875 (9th Cir. 1990) (affirming district court's denial of Rule 41 motion for return of property where property owner had an adequate remedy at law). Here, however, the Government's argument is premature. Though Plaintiff asserts a *claim* for return of property, Plaintiff did not file a *motion* for return of property. Thus, whether Plaintiff has an adequate remedy at law, and whether the Court has jurisdiction "to fashion an equitable remedy to secure justice for [Plaintiff]," are not properly before the Court at this juncture. *See United States v. U.S. Currency $83,310.78*, 851 F.2d 1231, 1235 (9th Cir. 1988).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**J S - 6**

### CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-02803-RGK-MAR | | Date | July 23, 2021 |
|----------|------------------------|---|------|----------------|
| Title | *John Doe v. United States of America, et al* | | | |

*v. Gibson*, 355 U.S. 41, 47 (1957)). Here, Plaintiff's Complaint does not put the Government on fair notice of the grounds upon which Plaintiff's claims rest.

Plaintiff alleges that Plaintiff rented three of the 600 to 1,000 boxes at USPV, and that the Government seized and retains the property that was located in those three boxes. Plaintiff's second claim is for violations of the Fourth and Fifth Amendment arising from the Government's seizure of Plaintiff's property. And Plaintiff's first claim is for the return of that seized property. Taking Plaintiff's allegations as true, the Government may well have violated Plaintiff's constitutional rights and may well be required to return that property to Plaintiff. But Plaintiff fails to put the Government on fair notice of the grounds upon which Plaintiff's claims rest because the Complaint does not indicate which three boxes Plaintiff rented or which property Plaintiff seeks to have returned.

There is no real dispute that many of the boxes at USPV were "clean"—containing non-contraband personal property—and that some were "dirty"—containing illicit drugs and other contraband. Were Plaintiff to inform the Government which three boxes Plaintiff claims a property interest in, the Government could determine whether to return the property because it is "clean," or defend this suit on the grounds that the property is "dirty." But Plaintiff fails to provide even this minimal notice of the nature of Plaintiff's claims. The Government is therefore left to guess as to which of the seized items allegedly belong to Plaintiff, and which of the 600 to 1,000 boxes housed Plaintiff's property.

Because Plaintiff's Complaint does not provide the Government with adequate notice of the identity of the property that provides the basis for Plaintiff's claims, Plaintiff has failed to state a claim for return of property and violations of the Fourth and Fifth Amendment.

### V.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Government's Motion.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer

_____